STATE OF OREGON,
*Respondent,*

*v.*

HARVEY ROBERT GRIFFEN,
*Appellant.*

(10-92-07133; CA A78930)

883 P2d 1315

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant was indicted for delivery of a controlled substance, possession of a controlled substance and felony driving while suspended and revoked. ORS 475.992(1)(b); ORS 475.992(4)(b); ORS 811.182. After a trial without a jury, the court granted defendant's motion for judgment of acquittal as to the charge of delivery of a controlled substance and found him guilty of the remaining charges. Defendant appeals. We affirm the convictions and remand for resentencing.

■  We need only address defendant's assignment that the trial court erred in sentencing him under crime category 6 on his conviction for possession of a controlled substance. Defendant argues that the correct classification was category 1, because the state did not allege facts in the indictment to seek an enhanced sentence, as required by ORS 135.711.[1]

Defendant was indicted on two counts:

"COUNT 1

"The defendant on or about the 23rd of August, 1992, in the Count aforesaid, did unlawfully and knowingly deliver a *substantial quantity* of a mixture or substance containing a detectable amount of the controlled substance methamphetamine for consideration; contrary to statute and against the peace and dignity of the State of Oregon;

"COUNT 2

"The defendant on or about the 23rd of August, 1992, in the County aforesaid, did unlawfully and knowingly possess a *substantial quantity* of a mixture or substance containing a detectable amount of the controlled substance methamphetamine; contrary to statute and against the peace and dignity of the State of Oregon[.]" (Emphasis supplied.)

Whether Count 2 charged a category 1 or a category 6 offense is governed by ORS 475.996, which sets out the offense subcategory factors applicable to convictions for possession of a controlled substance under ORS 475.992. Proof of one or

---

[1] ORS 135.711 provides:

"For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or specific subcategory of a crime in the Crime Seriousness Scale established by the rules of the State Sentencing Guidelines Board."

more of the subcategory factors elevates what would otherwise be a crime category 1 offense to a crime category 6 offense.

Under the statutory scheme, "substantial quantity" is defined as 10 grams or more of methamphetamine for purposes of delivery under ORS 475.996(1)(a)(C), but not for purposes of possession under ORS 475.996(2)(b)(C). Possession of methamphetamine is elevated from simple possession to category 6 if the person possesses more than 10 grams of the drug:

"A violation of ORS 475.992 shall be classified as crime category 6 of the sentencing guidelines grid of the State Sentencing Guidelines Board if:

"* * * * *

"(b) The violation constitutes possession of:

"* * * * *

"(C) Ten grams or more of a mixture or substance containing a detectable amount of methamphetamine[.]" ORS 475.996(2).

ORS 475.996(1) controls the subcategory factors that elevate delivery of a controlled substance to a higher crime category. Simple delivery is elevated from category 4 to category 8 if the person delivers a "substantial quantity" of methamphetamine. Substantial quantity is defined as more than 10 grams:

"(1) A violation of ORS 475.992 shall be classified as crime category 8 of the sentencing guidelines grid of the State Sentencing Guidelines Board if:

"(a) The violation constitutes delivery or manufacture of a controlled substance and involves substantial quantities of a controlled substance. For purposes of this paragraph, the following amounts constitute substantial quantities of the following controlled substances:

"* * * * *

"(C) Ten grams or more of a mixture or substance containing a detectable amount of methamphetamine[.]"

The indictment charged defendant with a category 8 offense in Count 1 and a category 1 offense in Count 2. After defendant was acquitted on Count 1 and convicted on the

possession charge in Count 2, he filed a motion to place the conviction in category 1. The trial court denied his motion, accepting the state's argument that defendant should have raised the issue by filing a demurrer to the indictment.

The state argues that the trial court was correct and that defendant did not preserve the alleged error. The state argues that, if defendant had "any doubt" that, by use of the phrase "substantial quantity" in Count 2, the state intended to prove possession of more than 10 grams, he should have filed a demurrer to make more definite and certain before arraignment. ORS 135.640.

The state's argument does not explain why the indictment was unclear as to what the state intended to prove. Although, from the state's point of view, "substantial quantity" might not be definite and certain, it was definite and certain from defendant's point of view. Defendant could read the allegations of Count 2 and understand that he was charged with possession of methamphetamine, a category 1 offense. There was no basis for him to demur, and the state is incorrect that defendant failed to preserve his claim of error.

■ Offense subcategory factors must be pleaded and proved. *State v. Ferrell*, 315 Or 213, 221, 843 P2d 939 (1992). The state argues, however, that, in the "context" of this case, it should be "discernible" that "substantial quantity" in Count 2 meant more than 10 grams. The state argues that, by pleading "substantial quantity" in the delivery count, it pleaded "more than 10 grams" by operation of ORS 475.996(1)(a)(C). From that, it contends that the meaning of the term "substantial quantity" in Count 2 can be discerned by reference to Count 1. It argues that defendant also would have known from pretrial discovery that he possessed more than 10 grams of methamphetamine.

Count 2 pleaded the offense of possession, and we do not understand ORS 137.711 to require a defendant to "discern" from another count that the state intends to seek an enhanced sentence on a charged offense. *See State v. Drake*, 113 Or App 16, 832 P2d 44 (1992). If the state wished to do so here, it was required to charge defendant with possession of more than 10 grams of methamphetamine. The trial court erred in sentencing defendant according to category 6.

■     The state contends that the appropriate remedy would be to remand for resentencing on Count 2. The 1993 amendments to ORS 138.222(5) preclude that possibility. The entire case must be remanded for resentencing. *State v. Dvorak*, 124 Or App 578, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994).

Convictions affirmed; remanded for resentencing.