Argued and submitted November 20, 1998, affirmed May 19, petition for review denied September 28, 1999 (329 Or 358)

STATE OF OREGON,
*Respondent,*

*v.*

TONY RANDALL DELANEY,
*Appellant.*

(96-06-34451; CA A96966)

984 P2d 282

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Katharine M. Hoskinson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appeals from a judgment of conviction of three counts of sodomy in the first degree. ORS 163.405.[1] Defendant contends that the trial court erred in denying his motion for judgment of acquittal as to two of the counts, asserting that there was a material variance between the conduct alleged in the indictment and the state's proof at trial. Defendant also assigns error to the imposition of Ballot Measure 11 sentences, ORS 137.700, on each of the three counts. We affirm.

In June 1996, defendant was arraigned on an information charging four counts of sodomy in the first degree. ORS 163.405.[2] The first count alleged that defendant, by forcible compulsion, caused his "sex organs * * * to come into contact with [complainant's] anus." With respect to the other three counts, the information alleged that defendant, by forcible compulsion, "engage[d] in deviate sexual intercourse with [complainant], by causing [his] sex organs * * * to come into contact with [complainant's] mouth."

The grand jury returned a true bill on the first three counts. However, when the indictment was typed, the language of counts two and three was altered. In particular, the indictment alleged, with respect to those two counts, that defendant, by forcible compulsion, had "cause[d] the [*complainant's*] sex organs * * * to come into contact with [defendant's] *mouth*." Thus, while the information had alleged forcible fellatio, the indictment alleged forcible cunnilingus.

---

[1] Defendant was also convicted of one count of assault in the fourth degree, ORS 163.160, but does not challenge that conviction.

[2] ORS 163.405 provides, in part:

"(1) A person who engages in deviate sexual intercourse with another person or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor[.]"

ORS 163.305(1) defines "deviate sexual intercourse":

" 'Deviate sexual intercourse' means sexual conduct between persons consisting of contact between the sex organs of one person and the mouth or anus of another."

The case was tried to the court. As to counts two and three, the state proceeded on the theory alleged in the *information—i.e.*, that defendant forced complainant to perform oral sex on him. The state's witnesses, including the complainant and the investigating police officer, testified in accordance with that theory. After the state rested, defendant moved for a judgment of acquittal on counts two and three, contending that there was a "fatal variance" between the allegations of the indictment and the state's proof.

The parties agreed to complete the trial before presenting extended argument on defendant's motion for judgment of acquittal. The defense was that the alleged encounter never occurred.

After the defense rested, the court heard renewed argument on the motion for judgment of acquittal. The state argued that the language of the indictment describing the precise nature of the deviate sexual intercourse was the product of a "scrivener's error," or alternatively, that that language was "surplusage," and that defendant was not prejudiced by the variance. As support for its assertion that the description in the indictment was the result of a "scrivener's error," the state pointed to the language of the information, which was presented to defendant at arraignment, as well as to the content of the discovery materials, all of which corresponded to the state's proof at trial. The parties ultimately stipulated that "there [was] no reference in any of the discovery to forced oral sex by defendant's mouth to [complainant's genitals]." The prosecutor also represented to the court, over defense counsel's objections, that the conduct described in the information was the basis of the evidence presented to the grand jury, including testimony by complainant and the investigating officer, and that the grand jury "true billed" the charges alleged in the information. Finally, the prosecutor described how, given the process by which indictments are typed by clerical staff, the "scrivener's error" may have occurred.[3]

---

[3] On appeal, defendant does not contend that the court erred in receiving evidence, including the prosecutor's representations as an officer of the court, describing the evidence submitted to the grand jury or the process by which the indictment was generated.

The court denied the motion for judgment of acquittal:

> "I find it surplusage. I find the State could have pled the statute without the language at all and relied on discovery to fill in the details. I also find that, should the defense have seriously questioned what evidence [the prosecutor] had disclosed under the statutory obligations, then a discovery motion would have been appropriate and available.
>
> "I find the fact that the case did not have a discovery motion based on all of the discovery that has been provided makes it less likely that this is, in fact, a surprise.
>
> "[I] do believe that adequate notice had been provided as to the fact[s] [the prosecutor] planned on proceeding and that he proceeded on exactly the theory in the police reports, same crime, same penalties. There is no question the Indictment is typed wrong. But I think Oregon law provides ways of doing discovery if, in fact, there is a serious contention or if the pleadings, plus the police reports and other discovery don't adequately solve the problem. There are also motions *in limine* to address the issue if there is still a question at the time of trial.
>
> "* * * [W]ithin the facts I am prepared to rule that it is surplusage * * *. The state has pled and proven within the statute and the discovery."

The court, as trier of fact, then convicted defendant on all three counts of sodomy. Over defendant's objections, the court sentenced him, pursuant to ORS 137.700, to concurrent 100-month sentences on each count.

■■ On appeal, defendant first assigns error to the trial court's denial of his motion for judgment of acquittal. As at trial, he contends that there was a material variance between the allegations of counts two and three of the indictment and the state's proof. Although defendant does not identify any specific prejudice incurred because of the alleged variance, he contends:

> "Consistent with the function and constitutional protection of a grand jury indictment, indictments may not be amended post-trial or to mirror the trial's evidence when an amendment adds a new or different theory, element, or crime to the prosecution; that is, amendments as to form

are permitted, but amendments as to substance are not.
* * *

"Conviction based on the proof, rather than based on
proof of the charge, fails to protect the right of the grand
jury (instead of the prosecutor) to determine the particular
charge, and fails to insure that the charge presented is
based on facts before the grand jury."

Defendant's statement of the law is, in the abstract,
generally correct. However, in the circumstances presented
here, the application of those principles does not warrant
reversal. *See State v. Long*, 320 Or 361, 369, 885 P2d 696
(1994), *cert den* 514 US 1087 (1995); *State v. Wells*, 147 Or
App 125, 131, 935 P2d 447 (1997).

*Wells* is closely analogous. There, the defendant
challenged, *inter alia*, his conviction for criminal trespass,
asserting that there was a fatal variance between the indict-
ment and the evidence at trial, in that the indictment
charged that the trespass had occurred one-half mile *north* of
a particular point, but the proof at trial established a tres-
pass one-half mile *south* of the same point. In rejecting that
argument, we first referred to ORS 135.715, which provides:

"No accusatory instrument is insufficient, nor can the
trial, judgment or other proceedings thereon be affected, by
reason of a defect or imperfection in a matter of form which
does not tend to the prejudice of the substantial rights of
the defendant upon the merits."

We then noted that there appear to be two related tests for
evaluating the materiality of an alleged variance. First, in
*State v. Cook*, 154 Or 62, 59 P2d 249 (1936), the court held:

"A variance as to a matter which is not material is not
fatal. Under the modern practice, a variance is not material
unless it misleads the accused in making his defense or may
expose him to the danger of again being put in jeopardy for
the same offense. The purpose of the rule as to a variance is
avoid surprise * * * 'Variance between allegation and
oof which does not go to the extent of showing that the
ense proved is not the offense charged is immaterial.' "
4 Or at 66-67 (quoting *Ware v. State*, 12 Ala App 101, 67
o. 763 (1914)).

Second, under *State v. Russell*, 231 Or 317, 319, 372 P2d 770 (1962):

> "Whether or not the [variance] in the indictment before us is material depends upon whether the [incorrect information] can be stricken from the indictment without rendering the pleading vulnerable to demurrer on the ground it no longer states a crime."

Applying those standards in *Wells*, we first determined that the defendant had not been prejudiced by the variance with respect to his presentation of a defense:

> "There is no question that defendant knew before trial where the state claimed that he had made the unlawful entry. Defense counsel acknowledged that he had been taken to that location by [the complainant] during pretrial discovery. The testimony was uncontroverted that defendant had entered at that location, and his main defense was that he believed that the corrals were open to the public. Defendant does not claim that he would have a different defense had the state properly pled the location of the trespass. Thus, there is no persuasive evidence that he was misled by the mistake in the indictment in making his defense." *Wells*, 147 Or App at 131-32.[4]

We then applied the *Russell* formulation and concluded that the disputed language—the description of the precise point of trespass—could be stricken without rendering the indictment vulnerable to demurrer:

> "Generally, it is sufficient to describe a criminal offense in the words of the statute, unless the language of the statute is not in itself sufficient to apprise the defendant of the particular circumstances that make [the] conduct criminal and the availability of discovery is unlikely to inform the defendant of the specific conduct that the state intends to prove. * * *

> "* * * * *

---

[4] *Accord State v. Alben*, 139 Or App 236, 243, 911 P2d 1239, *rev den* 323 Or 153 (1996) (finding fatal variance where indictment alleged that the defendant "was armed with a deadly weapon, to-wit: a firearm," but court instructed jury that the defendant could be convicted based on his possession and use of a "dangerous weapon," a BB pistol: "The amendment provided the state with a different theory of the case, altered the availability of defendant's defense, and prejudiced defendant's right to notice of the charges against him.").

"Because the indictment stated a crime without the erroneous information *and* defendant was not misled or prejudiced in any manner as to where the alleged trespass occurred, the trial court did not err in denying his motion for a judgment of acquittal on the charge of trespass." *Id.* at 132-34 (emphasis in original).

Here, as in *Wells,* the alleged variance did not mislead or prejudice defendant in the presentation of his defense. As the trial court determined, defendant had actual notice, through the discovery materials, of the precise species of the deviate intercourse the state would attempt to prove at trial. Defendant stipulated that there was no reference in the discovery materials to "forced oral sex by defendant's mouth to [complainant's genitals]"; rather, the only deviate sexual intercourse described in those materials was defendant forcing complainant to perform oral sex on him. Moreover, defendant's only defense was that the alleged encounter with complainant never occurred. Defendant does not contend on appeal that the variance with respect to the precise nature of the alleged deviate intercourse affected the development and presentation of that defense. *See Long,* 320 Or at 369 ("Indeed, the trial court specifically found * * * that defendant had actual notice that the state would offer evidence that the crime was committed on April 22, 1984, and that there had been no prejudice to defendant as a result of the variance between the dates alleged in the indictment and the state's evidence at trial.").

Nor did the variance expose defendant to "danger of again being put in jeopardy for the same offense." *Cook,* 154 Or App at 67. *See State v. Dane,* 103 Or App 420, 423-24, 797 P2d 1069 (1990) (defendant in a second prosecution for the identical factual circumstances cannot be charged twice for the same offense, and "we will not ignore the 'objective reality' of the situation and say that the two prosecutions were for different offenses, when, in fact they were not."). Here, as in *Wells,* notwithstanding the erroneous description in the indictment, the pretrial discovery "served to identify the precise conduct that the state maintains constituted" the subject sodomy in the first degree. 147 Or App at 133. Thus, there was no material potential that defendant could, in fact, be subjected to multiple prosecutions for the same conduct.

■■ Proceeding to the *Russell* test, we consider whether the challenged language in the indictment can be stricken without rendering the indictment "vulnerable to demurrer," as no longer stating a crime. 231 Or at 319. Generally, an indictment pleaded in the language of the underlying statute is sufficient to withstand demurrer. *See, e.g., State v. Nussbaum*, 261 Or 87, 91, 491 P2d 1013 (1971). The material elements of sodomy in the first degree under ORS 163.405(1) are forcible compulsion and deviate sexual intercourse. The precise nature of the deviate sexual intercourse is not an element of the offense. Thus, even with the descriptive language deleted, the indictment is not vulnerable to demurrer. *Cf. Long*, 320 Or at 368 ("[S]odomy is sodomy irrespective of the precise time when the act is committed.").

■ We note, finally, that here, as in *Long*, the "amendment" of the indictment did not impermissibly circumvent or supersede the constitutional function of the grand jury by subjecting defendant to trial and conviction based on facts materially different from those presented to the grand jury. *See* US Const, Amend V; Or Const, Art VII (Amended), § 5(3).[5] As in *Long*, the prosecutor presented evidence that the disputed language in the indictment was the product of a "scrivener's error"—that is, that the indictment, as transcribed, erroneously expressed the grand jury's intent—and, thus, that the proof of deviate sexual intercourse presented at trial did, in fact, correspond to that presented to the grand jury. As in *Long*, "[t]he trial court was entitled to accept that evidence which, in the light of its ruling * * * we presume that it did." 320 Or at 370. The trial court did not err in denying the motion for judgment of acquittal.

We reject, without discussion, defendant's second assignment of error, which challenges the imposition of sentence pursuant to Ballot Measure 11, ORS 137.700.

Affirmed.

---

[5] The Fifth Amendment to the United States Constitution provides:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury."

Article VII (Amended), section 5(3), of the Oregon Constitution, provides, in part:

"[A] person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury."