Argued and submitted October 29, 1999, affirmed on appeal and cross-appeal
July 12, 2000

# STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

# EVAHN G. PAETEHR,
*Respondent - Cross-Appellant.*

## (970131CR; CA A100478)

7 P3d 708

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant - cross-respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for respondent - cross-appellant. With him on the brief was David E. Groom, Public Defender.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

The state appeals from a judgment imposing a sentence for a crime category 4 and seeks a remand to the trial court to resentence defendant to a crime category 8. Defendant cross-appeals his conviction. We conclude that the state did not demonstrate that the grand jury intended that defendant's action be classified as a crime category 8 on the crime seriousness scale of the sentencing guidelines grid and affirm on the appeal. We also affirm on the cross-appeal.

The Hood River County Sheriff executed a search warrant at defendant's residence. The sheriff discovered and seized numerous live, drying, and dried marijuana plants, and assorted paraphernalia. The amount of marijuana seized was well in excess of 150 grams.

A grand jury indicted defendant for manufacture of a controlled substance, ORS 475.992(1), possession of a controlled substance, ORS 475.992(4), attempted assault of a public safety officer, ORS 163.208, and harassment, ORS 166.065. The first two counts of the indictment read:

"COUNT I
MANUFACTURE OF A CONTROLLED SUBSTANCE
ORS 475.992 Class A Felony

"The said defendant, on or about July 10, 1997, in the County of Hood River and State of Oregon, then and there being, did unlawfully and knowingly manufacture marijuana, a controlled substance.

"The State further alleges that the defendant knowingly possessed 150 or more grams of marijuana substance.

"COUNT II
POSSESSION OF A CONTROLLED SUBSTANCE
ORS 475.992 Class B Felony

"As part of the same act and transaction as alleged in Count I, the said defendant, on or about July 10, 1997, in the County of Hood River and State of Oregon, then and there being did unlawfully and knowingly possess marijuana, a controlled substance.

"The State further alleges that the defendant knowingly possessed 150 or more grams of marijuana substance."

Prior to trial, counts II, III, and IV were dropped and defendant was tried only for manufacture of a controlled substance. The state proceeded to trial on a theory that defendant's manufacturing activities "involved" over 150 grams of marijuana and should be classified as a crime category 8 pursuant to ORS 475.996(1)(a).[1] The trial court gave the jury the following instruction on the elements of the manufacture of a controlled substance count:

"Oregon law provides that a person commits the crime of Manufacture of a Controlled Substance if that person unlawfully manufactures a controlled substance. In this case, to establish the crime of Unlawful Manufacture of a Controlled Substance, the State must prove beyond a reasonable doubt the following four elements: The act occurred in Hood River County; the act occurred on or about July 10, 1997; [defendant] unlawfully and knowingly manufactured a controlled substance listed in Schedule I; *and the manufacture involved 150 or more grams of marijuana.*" (Emphasis added.)

The verdict form given to the jury posed two questions. The first asked whether defendant was guilty or not guilty of the crime of manufacture of a controlled substance. The jury responded by marking the "guilty" blank. The second asked, if defendant was guilty, whether or not "the *manufacture* involved 150 grams or more of marijuana." (Emphasis added.) The jury responded by marking the "yes" blank. Neither party objected to the form or the sufficiency of the verdict.

Before sentencing, defendant moved for an order in arrest of judgment regarding the jury's verdict on the aggravating factor or, in the alternative, for an order placing defendant's manufacture of a controlled substance conviction in crime category 4 of the felony sentencing guidelines grid. Defendant argued that the jury returned a verdict on an

---

[1] A conviction for manufacture of a controlled substance is normally sentenced at crime category 4 of the sentencing guidelines. ORS 475.996(3). Certain subcategories of manufacture—those involving substantial quantities or that constitute a commercial drug offense—are sentenced at a crime category 8. ORS 475.996(1). The relevant statutory provisions are provided below.

aggravating factor not alleged in the indictment, *e.g.*, that the jury found that the *manufacture* involved 150 grams or more of marijuana, while the indictment merely alleged that defendant *possessed* 150 grams or more. At sentencing, the state argued that the "possession" language in the indictment was surplusage and that the court should place defendant's sentence in crime category 8. The court ruled that, while the verdict for the underlying manufacture of a controlled substance conviction was proper, possession of 150 grams or more of marijuana was not relevant to the manufacture count and aggravating subcategory factors. The court then ranked defendant's manufacture of a controlled substance conviction as a crime category 4 pursuant to ORS 475.996(3)(a)[2] and imposed a sentence of 24 months' probation as prescribed by the sentencing guidelines.

■     The state appeals the trial court's crime seriousness ranking of defendant's conviction for manufacture of a controlled substance. That ranking is significant. Taking into account defendant's lack of criminal history, the presumptive sentence for a crime category 4 conviction is 24 months' probation. OAR 253-005-0008(1)(b). The corresponding presumptive sentence for a crime category 8 conviction is 16 to 18 months' imprisonment. OAR ch 213, app 1. We review to determine whether the sentencing court committed an error of law when it ranked defendant's conviction as a crime category 4 offense. ORS 138.222(4)(b).

■■     ORS 135.711 provides that "the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Scale * * *." That requirement is reiterated by ORS 475.996(4), which requires the state to "plead in the accusatory instrument sufficient factors of a commercial drug offense under subsection (1) and (2)."

---

[2] ORS 475.996(3) provides, in part:

"Any felony violation of ORS 475.992 not contained in subsection (1) or (2) of this section shall be classified as:

"(a)  Crime category 4 of the sentencing guidelines grid * * * if the violation involves delivery or manufacture of a controlled substance[.]"

The relevant portion of ORS 475.996(1) provides:

"A violation of ORS 475.992 shall be classified as crime category 8 of the sentencing guidelines grid * * * if:

"(a)   The *violation constitutes delivery or manufacture* of a controlled substance *and involves* substantial quantities of a controlled substance. For purposes of this paragraph, the following amounts constitute substantial quantities of the following controlled substances:

"* * * * *

"(E)   One hundred and fifty grams or more of a mixture or substance containing a detectable amount of marijuana[.]" (Emphasis added.)

At issue is the meaning of the word "involves" in paragraph (1)(a). The state argues that the term "involves" includes possession and, therefore, the state properly pled sufficient factors of a commercial drug offense. Accordingly, the state argues, the conviction constituted a crime category 8 offense and the trial court erred when it classified the violation as a crime category 4 offense. Defendant responds that the statute uses the term "involves" only so that it can accommodate the alternate types of antecedent acts—manufacture or delivery—and alternate substances listed. Therefore, *possession* of marijuana in excess of 150 grams is not a subcategory enhancement for the *manufacture* of marijuana. Defendant further argues that in *State v. Griffin*, 131 Or App 79, 883 P2d 1315 (1994), *rev den* 320 Or 567 (1995), we interpreted ORS 475.996(4) to constitute a strict pleading requirement. Consequently, under defendant's reasoning, because the state pled *possession* of 150 grams or more of marijuana, the trial court properly classified defendant's manufacturing conviction as a crime category 4 offense. ORS 475.996(3)(a).

Whether the term "involves" includes the act of possession presents an issue of statutory construction. To interpret the legislature's intent, we follow the familiar methodology established by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We begin with the text and context of the statute, giving words their plain, natural and ordinary meaning. *Id.* at 610-11.

The relevant portion of ORS 475.996(1)(a) contains a single subject—"the violation [of ORS 475.992]." The remainder of the sentence modifies that subject. First, the violation must constitute delivery or manufacture of a controlled substance. Second, the violation must involve a "substantial quantity" of a controlled substance as defined by the subsequent subparagraphs. A plain reading of that sentence suggests that the act constituting the violation—delivery or manufacture—must itself involve a substantial quantity. Furthermore, nowhere is it stated or implied that any act, other than the act constituting the violation of ORS 475.992, can satisfy the requirements of ORS 475.996(1)(a). That interpretation, however, is not conclusive.

The other provisions of the statute provide insight into the legislative scheme established by ORS 475.996. Paragraph (2)(b) addresses situations where a violation constitutes possession of a substantial quantity of a controlled substance. It states:

"(2)   A violation of ORS 475.992 shall be classified as *crime category 6* of the sentencing guidelines grid * * * if:

"* * * * *

"(b)   The *violation constitutes possession* of:

"* * * * *

"(E)   One hundred and fifty grams or more of a mixture or substance containing a detectable amount of marijuana[.]" ORS 475.996 (emphasis added).

In that paragraph, no mention is made of manufacture or delivery of controlled substances. Thus, paragraph (2)(b) is similar to paragraph (1)(a) in that the substantial quantity that satisfies the (2)(b) requirement must be related to the act—possession—that constitutes the violation.

By comparison, ORS 475.996(1)(b) addresses situations where possession, delivery or manufacture of a controlled substance occurs under factors that may indicate other commercial drug activity. Pursuant to that paragraph, a violation of ORS 475.992 is classified as a crime category 8 when:

"(b)   * * * A possession, delivery or manufacture is a commercial drug offense for purposes of this subsection if it is accompanied by at least three of the following factors:

"[(A)-(K) * * * listing factors.]"

Some of those factors are related to possession, others to delivery activities, and still others to manufacturing activities. ORS 475.996(1)(b) permits factors that are different in kind from the act constituting the violation to raise that violation to a crime category 8. For example, pursuant to paragraph (1)(b), a person could be convicted for possession of a controlled substance and, because that possession occurred under circumstances also constituting or implicating delivery and manufacture factors, that violation would be classified as a crime category 8.

The provisions of ORS 475.996(1) and (2) represent a complex legislative scheme. That scheme distinguishes between situations that involve delivery or manufacture only (paragraph (1)(a)), situations that involve possession only (paragraph (2)(b)), and situations that involve possession, delivery or manufacture of a controlled substance under circumstances that also constitute the other offenses (paragraph (1)(b)). When those provisions are examined together, the legislature's intention is unambiguous. We conclude that the legislature did not intend for ORS 475.996(1)(a) to apply to circumstances where the violation of ORS 475.992 constitutes *manufacture* of a controlled substance and the defendant merely *possesses* 150 or more grams of marijuana.

Because we reach that conclusion, we must also conclude that the state did not meet the requirement in ORS 475.996(4) that it plead facts sufficient to prove a commercial drug offense and raise defendant's conviction to a crime category 8. Despite the fact that the state proved at trial that the manufacture "involved" 150 grams or more of marijuana, it did not plead that fact. The state merely pled that defendant "possessed" 150 grams or more of marijuana. To satisfy the pleading requirements, the state should have pled that defendant "manufactured" 150 grams or more of a controlled substance or that the manufacture "involved" 150 grams or more. *See State v. Strandquist*, 57 Or App 404, 644 P2d 658, *rev den* 293 Or 483 (1982) (a pleading is sufficient if stated in

the language of the statute). The state's pleading was insufficient.

■         However, our analysis does not end there. ORS 135.715 provides:

> "No accusatory instrument is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in a matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The state argues that defendant had actual knowledge that the prosecution was seeking a subcategory enhancement to crime category 8 for the manufacturing count. Furthermore, because the state properly tried and convicted defendant, the state contends that the pleading error was one of form only and defendant was not prejudiced by that error. The state concludes that the trial court should have ordered that defendant serve a sentence prescribed by the sentencing guidelines for crime category 8. Defendant reiterates his *Griffin* argument that ORS 475.996(4) constitutes a strict pleading requirement and that any deficiency in the pleading was one of substance and not of form.

■         Article VII (Amended), section 5(3), of the Oregon Constitution, provides, in part, that "a person shall be charged in a circuit court with the commission of any crime punishable as a felony *only on indictment by a grand jury.*" (Emphasis added.) The dissent in *State v. Wimber*, 315 Or 103, 118-19, 843 P2d 424 (1992) (Unis, J., dissenting), noted that indictments satisfy four objectives: (1) a notice function; (2) a double jeopardy function; (3) a judicial review function; and (4) a jurisdictional function. It is the last that is most relevant here. The jurisdictional function requires that the indictment is the product of a grand jury and ensures that the defendant is tried only for an offense that is based on facts found by the grand jury indicting him. *Id.* at 119. Any amendment to the indictment must "not impermissibly circumvent or supersede the constitutional function of the grand jury by subjecting defendant to trial and conviction based on facts materially different from those presented to the grand jury." *State v. Delaney*, 160 Or App 559, 567, 984 P2d 282, *rev den*

329 Or 358 (1999). The same holds true for claims that a defect in the indictment constitutes "harmless error."

Here, we cannot determine whether the grand jury intended that the manufacturing conviction should be classified as a crime category 8. Although defendant was tried on the manufacture of a controlled substance count only, the grand jury indicted defendant on four counts. The state contends that the grand jury intended that a conviction on Count I would lead to a crime category 8 sentence for defendant. However, the same language—"possession of 150 or more grams of marijuana"—was included as an aggravating factor for both the first and second counts. Because the second count charged unlawful possession of a controlled substance, the grand jury could have reasonably intended that a sentence for the manufacturing violation be classified as a crime category 4 and that a sentence for the possession violation be elevated from a crime category 1 to a crime category 6 due to the enhancement factor. ORS 475.996(2)(b). The state submitted no evidence at trial, nor any on appeal, that the erroneous indictment was the result of a scrivener's error, that the grand jury was actually presented with evidence that the manufacturing (as opposed to possession) violation involved 150 or more grams of marijuana, or that the state even argued to the grand jury that it was seeking an enhancement of the manufacture of a controlled substance count from crime category 4 to crime category 8. In the absence of such evidence proving the grand jury's intent, we cannot conclude that the pleading error was a harmless defect in form.

We note that the facts here are distinguishable from those of *Delaney*, *State v. Long*, 320 Or 361, 885 P2d 696 (1994), *cert den* 514 US 1087, 115 S Ct 1803, 131 L Ed 2d 729 (1995), and *State v. Woodson*, 315 Or 314, 845 P2d 203 (1993). In each of those cases the defendant challenged the adequacy of the indictment and, in each, the court noted the jurisdictional function of indictments. Yet each reached a result different from ours here. In *Delaney*, we held that there was no material difference between the conduct alleged in the indictment and the state's proof at trial. 160 Or App at 567. In *Long* and *Woodson*, the Supreme Court held that an amendment to an indictment was a permissible alteration in form. *Long*, 320 Or at 370; *Woodson*, 315 Or at 320. However, in each

case, the prosecution bore its burden to submit evidence establishing that the jury intended to indict the defendant for a crime that was consistent with the evidence submitted at trial or with the amended indictment. *Long*, 320 Or at 370-71; *Woodson*, 315 Or at 316-17; *Delaney*, 160 Or App at 567. Here, the prosecution submitted no similar evidence.

Because the state did not demonstrate that the grand jury intended that defendant's violation be classified as a crime seriousness category 8 on the sentencing guidelines grid, the trial court properly classified defendant's violation as a crime seriousness category 4. We affirm on the appeal.

Defendant cross-appeals and his counsel filed a brief consistent with *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). We affirm, without discussion, on the cross-appeal.

Affirmed on appeal and on cross-appeal.