240 P.3d 731 (2010)
237 Or. App. 377
STATE of Oregon, Plaintiff-Respondent,
v.
Donny D. WILLIAMS, Defendant-Appellant.
061287; A138628.
Court of Appeals of Oregon.
Argued and Submitted January 28, 2010.
Decided September 22, 2010.
*732 Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.
David B. Thompson, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and ROSENBLUM, Judge.
ROSENBLUM, J.
Defendant was charged with, among other offenses, assault in the first degree. ORS 163.185. Under the sentencing guidelines, that offense is ranked at category 10 on the crime seriousness scale if the jury finds, as a "subcategory fact," that the victim "did not substantially contribute to the commission of the offense by precipitating the attack"; it is otherwise ranked at category 9. OAR XXX-XXX-XXXX(3); OAR XXX-XXX-XXXX(3). The indictment returned by the grand jury did not make any allegation regarding the subcategory fact. Nine days before defendant's trial, the prosecutor moved to amend the indictment to include the allegation that the victim did not precipitate the assault. The trial court concluded that, because the subcategory fact is not an element of first-degree assault, the amendment was permissible. Thus, over defendant's objections, it granted the prosecutor's motion and, at trial, instructed the jury on the subcategory fact. After the jury returned a guilty verdict and found that the victim had not precipitated the assault, the court sentenced defendant based on the offense being ranked at category 10. Defendant appeals. On review for errors of law, we affirm.
In three assignments of error, defendant argues that the trial court erred in granting the prosecutor's motion to amend the indictment, in instructing the jury on the subcategory fact, and in sentencing defendant to a crime category 10 sentence. All of defendant's assignments of error are rooted in a single contention: He argues that subcategory facts must be found by a grand jury. Accordingly, in defendant's view, the prosecutor could not amend the indictment to allege the subcategory fact without resubmitting the indictment to the grand jury. The state responds that the prosecutor had authority to amend the indictment under Article VII (Amended), section 5(6), of the Oregon Constitution.
Before we recite the parties' arguments in further detail, an overview of the legal principles at issue is helpful. ORS 132.557 provides that subcategory facts must be pleaded in the indictment:
"(1) When a person is charged with a crime committed on or after November 1, 1989, that includes subcategories under the rules of the Oregon Criminal Justice Commission, the state is required to plead specially in the indictment, in addition to the elements of the crime, any subcategory fact on which the state intends to rely to enhance the crime for sentencing purposes. The state shall plead the elements and subcategory facts in a single count. Nothing in this subsection precludes the pleading of alternative theories.
"(2) The state must prove each subcategory fact beyond a reasonable doubt and the jury shall return a special verdict of `yes' or `no' on each subcategory fact submitted."
*733 See also ORS 135.711 ("For any felony committed on or after November 1, 1989, the accusatory instrument shall allege facts sufficient to constitute a crime or a specific subcategory of a crime in the Crime Seriousness Scale established by the rules of the Oregon Criminal Justice Commission.").
Article VII (Amended), section 5(3), of the Oregon Constitution provides, with exceptions that do not apply here, that "a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury." However, section 5(6) provides that "[t]he district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form." Whether the prosecutor in this case was permitted to amend the indictment without resubmitting it to the grand jury, then, turns on whether the amendment pertained to a matter of "form."
In State v. Moyer, 76 Or. 396, 399, 149 P. 84 (1915), the Supreme Court observed that there is a "well-recognized distinction between matters that are purely matters of form and matters that go to the substance of the indictment * * *." It described matters of form as "matters which are not essential to the charge and merely clerical errors, such as where the defendant cannot be misled to his prejudice by the amendment * * *." Id. On the other hand, a "matter that is essential to show that an offense has been committed is a matter of substance." State v. Wimber, 315 Or. 103, 114, 843 P.2d 424 (1992) (citing Moyer, 76 Or. at 400, 149 P. 84). In Wimber, the Supreme Court set out four questions to consider in determining whether an amendment goes to a matter of form or substance:
"(1) Did the amendment alter the essential nature of the indictment against defendant, alter the availability to him of defenses or evidence, or add a theory, element, or crime? * * *
"(2) Did the amendment prejudice defendant's right to notice of the charges against him and to protection against double jeopardy? * * *
"(3) Was the amendment itself sufficiently definite and certain? * * *
"(4) [If the amendment deletes allegations, d]id the remaining allegations in the indictment state the essential elements of the offenses?"
Id. at 114-15, 843 P.2d 424.
Defendant contends that ORS 132.557 required that the grand jury find the facts necessary to support the subcategory fact that was added to the indictment by amendment. He argues that the amendmentalleging that the victim did not precipitate the assaultadded a new theory to the state's case. Defendant acknowledges that a subcategory fact is not an element of the offense. See State v. Travalini, 215 Or.App. 226, 230, 168 P.3d 1159 (2007), rev. den., 344 Or. 110, 178 P.3d 249 (2008) ("Both this court and the Supreme Court have reasoned that a subcategory fact is not an `element' of the substantive offense to which it is related."). He argues, however, that we held in State v. Paetehr, 169 Or.App. 157, 7 P.3d 708 (2000), that subcategory facts are not mere matters of form that need not be presented to the grand jury.
In response, the state argues that only amendments to matters that are essential to show that an offense has been committed must be submitted to the grand jury. It likewise contends that the Wimber questions apply only to amendments pertaining to the offense charged, not to matters, such as subcategory facts, that pertain only to sentencing. The state argues that we "should reconsider Paetehr insofar as it suggests that where a statute requires the pleading of a sentencing enhancement factor in the indictment, the legislature necessarily intended that the grand jury find the facts supporting that factor before it may be presented at trial and used to increase a sentence."
We need not decide whether the legislature intended that subcategory facts be found by the grand jury. Even assuming that the legislature so intended, if a subcategory fact is, for purposes of Article VII (Amended), section 5(6), a matter of form only, the prosecutor had authority to amend the indictment without resubmitting it to the grand jury. We conclude, however, that our *734 determination in Paetehr that a subcategory fact is not a matter of form was incorrect.
In Paetehr, we considered whether the defendant, who was convicted of manufacturing a controlled substancemarijuana should have been sentenced at crime category 4, as the trial court had done, or at crime category 8, as the state contended, based on the jury's finding that the manufacturing had involved 150 or more grams of marijuana. That fact had not been properly alleged in the indictment. Id. at 164-65, 7 P.3d 708. In determining whether the defect was a harmless imperfection of form, we stated that indictments serve four functions: "(1) a notice function; (2) a double jeopardy function; (3) a judicial review function; and (4) a jurisdictional function." 169 Or.App. at 165, 7 P.3d 708. We described the fourth function as follows: "The jurisdictional function requires that the indictment is the product of a grand jury and ensures that the defendant is tried only for an offense that is based on facts found by the grand jury indicting him." Id. We went on to state that "[a]ny amendment to the indictment must `not impermissibly circumvent or supersede the constitutional function of the grand jury by subjecting defendant to trial and conviction based on facts materially different from those presented to the grand jury.'" Id. (quoting State v. Delaney, 160 Or.App. 559, 567, 984 P.2d 282, rev. den., 329 Or. 358, 994 P.2d 124 (1999)). We assumed, without analysis, that facts that determine the crime category for sentencing purposes are among those that must be presented to the grand jury and thus concluded that the pleading error was not a harmless defect in form.
That assumption was incorrect. The Oregon Constitution does not require that a grand jury find facts that pertain only to sentencing. In State v. Wagner, 305 Or. 115, 171, 752 P.2d 1136 (1988), vac'd on other grounds, 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989), the defendant, who was convicted of aggravated murder and sentenced to death, argued that the indictment was insufficient to support the death sentence, because it did not allege that he acted with deliberation, a fact that the jury is required to findand did find in that case in order for the death penalty to be imposed. The Supreme Court rejected that argument, noting that deliberation is not an element of aggravated murder:
"The offense with which this defendant is charged is aggravated murder as defined in ORS 163.095(2)(a)(E) * * *. The ultimate facts that make up that offense are clearly alleged in the indictment. To be guilty of aggravated murder one does not need to act `deliberately.' If one is guilty of aggravated murder but the jury does not unanimously find that the perpetrator acted deliberately, the guilty one is not sentenced to death but is yet guilty of aggravated murder. There is no requirement of pleading an indictment that requires the indictment to set forth possible penalties that the law may fix for guilt on a particular charge."
Id. at 172, 752 P.2d 1136 (emphasis added). See also State v. Johnson, 340 Or. 319, 352, 131 P.3d 173, cert. den., 549 U.S. 1079, 127 S.Ct. 724, 166 L.Ed.2d 564 (2006) (reaffirming Wagner); State v. Terry, 333 Or. 163, 187-88, 37 P.3d 157 (2001), cert. den., 536 U.S. 910, 122 S.Ct. 2368, 153 L.Ed.2d 189 (2002) (same); State v. Moen, 309 Or. 45, 53, 786 P.2d 111 (1990) (noting that material in the indictment pertaining to penalty phase issues "was surplusage under Wagner").
It follows that the grand jury's jurisdictional function does not include finding facts that pertain only to sentencing. Thus, an amendment to an indictment that adds only a subcategory fact, as occurred in this case, does not "impermissibly circumvent or supersede the constitutional function of the grand jury by subjecting defendant to trial and conviction based on facts materially different from those presented to the grand jury." Delaney, 160 Or.App. at 567, 984 P.2d 282. It also follows that a fact that pertains only to sentencing is not a "matter that is essential to show that an offense has been committed * * *." Wimber, 315 Or. at 114, 843 P.2d 424. That is, for purposes of determining whether it must be found by the grand jury, it is a matter of "form," not "substance." Id.
We acknowledge that, as defendant asserts, our disposition in Paetehr is to the *735 contrary. We also fully appreciate that, as we have noted on other occasions, we do not lightly overrule our prior decisions. See, e.g., Martinez v. Kulongoski, 220 Or.App. 142, 155, 185 P.3d 498, rev. den., 345 Or. 415, 197 P.3d 1104 (2008) (explaining the burden that a party has in attempting to persuade a court to overturn a constitutional precedent). In this instance, however, given the clear holding in Wagner, reaffirmed in Johnson, Terry, and Moen, that there is no requirement that facts that pertain only to sentencing be pleaded in the indictment, our conclusion in Paetehr that subcategory facts are matters of substance that must be presented to the grand jury was plainly incorrect. Accordingly, we overrule Paetehr.
We conclude that, even though the state failed to plead the subcategory fact at issue in this case, as required by ORS 132.557, Article VII (Amended), section 5(6), authorized the prosecutor to amend the indictment to include the subcategory fact at issue in this case without resubmitting the indictment to the grand jury. Accordingly, the trial court did not err in granting the motion to amend the indictment, in instructing the jury on the subcategory fact, or in sentencing defendant to a crime category 10 sentence.
Affirmed.