Submitted September 24, 2013, affirmed March 5, petition for review denied June 12, 2014 (355 Or 668)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MARVIN JAMES DANIELS,
*Defendant-Appellant.*

Curry County Circuit Court
10CR0544; A149410

323 P3d 491

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

Defendant appeals a judgment of conviction for two counts of sodomy in the first degree, ORS 163.405, making three assignments of error. First, defendant assigns error to the trial court's grant of the state's motion to amend the indictment. Second, he challenges the court's ruling that the state did not violate his rights by failing to disclose to him before trial a recording of a prosecution interview with the victim. Finally, he assigns error to the court's denial of his motion to compel discovery of recordings of, and other records related to, telephone calls he made while in the custody of the Department of Corrections (DOC). We conclude that the argument that defendant makes in conjunction with his first assignment of error is unpreserved, and we reject his second assignment on the merits without discussion. As to the third assignment of error, we conclude that the trial court did not err. Accordingly, we affirm.

The material facts are not in dispute. The victim, M, was born in 1996. Defendant and his wife, C, became M's foster parents in 2000 and adopted him a year or two later. Defendant's wife moved out in 2003, and she and defendant were divorced the next year. In February 2007, M went to live with C.

Beginning in October 2007, defendant was incarcerated in DOC facilities on convictions not related to this case. Sometime in 2008, M disclosed that defendant had performed oral sex on him and required him to perform oral sex on defendant dozens of times throughout the time that he had lived with defendant. According to M, both acts occurred in each episode of abuse.

In July 2010, a grand jury issued an indictment charging defendant with one count of first-degree sodomy and one count of first-degree sexual abuse based on M's disclosures. Over the next several months, the grand jury issued three amended indictments. The first two amendments are not pertinent to this appeal. The final indictment issued by the grand jury charged defendant with, among other things, two counts of first-degree sodomy.[1] The first sodomy count

---

[1] The final indictment also charged two additional counts of first-degree sodomy and one count of third-degree assault. Those charges were later dismissed

alleged that, "on or about a date between 2005 and 2006," defendant had performed oral sex on M. The second sodomy count differed from the first only by alleging that defendant had caused M to perform oral sex on him. Trial was set for June 1, 2011.

Two pretrial motions gave rise to the issues that are before us on appeal. The first related to telephone calls that defendant made, while he was incarcerated in DOC facilities, to family members who had had contact with M. DOC personnel recorded those conversations and made a log reflecting the calls. Three months before the scheduled trial date, defendant filed a motion to compel discovery, seeking copies of the recordings and of the call log.[2] According to defendant, the recorded conversations included "discussions between all parties including the alleged victim regarding matters of a family and personal nature in which the alleged victim denied that the defendant had ever been sexually or physically inappropriate in any manner with the alleged victim." The prosecutor opposed the motion, arguing that the DOC materials that defendant sought were not in his possession or control and therefore not subject to discovery. *See* ORS 135.815(1) (requiring the district attorney to disclose to a represented defendant certain "material and information within the possession or control of the district attorney," including "written or recorded statements or memoranda of any oral statements made by the defendant"). After a pretrial hearing, the court denied the motion.

The second pretrial motion relevant to this appeal is a motion that the prosecutor filed, on the morning that trial was set to begin, to strike portions of the indictment. Specifically, the prosecutor moved to strike the words "a date between 2005 and" from Counts 1 and 2, so that the indictment would allege that the offenses occurred "on or about 2006." The trial court heard arguments on the motion before trial began. Defendant asserted that the purpose of

and are not at issue in this appeal, so we limit our recitation of the facts to those material to Counts 1 and 2.

    [2] Defendant also sought copies of recordings of calls he made while lodged in the Curry County Jail. At the hearing on defendant's motion, the prosecutor represented that he had made those recordings available to the defense. Defendant's appeal relates only to the calls recorded at DOC facilities.

the motion was not to *narrow* the alleged timeframe, but actually to *broaden* it "to go back to when [M] moved in with [defendant]" in 2000. The prosecutor took the position that the amendment was actually unnecessary because, in his view, the words "on or about" meant any time within the statute of limitations, which in this case included all of the time that the victim lived with defendant.[3] Because the final indictment issued by the grand jury alleged that Counts 1 and 2 occurred "on or about" a date in 2005 or 2006, he contended, the state was already permitted to prosecute based on conduct that occurred any time during the statute of limitations period. He asserted that the point of striking the words "a date between 2005 and" was to "make it clear for the jury" that the state needed to prove only that the offenses occurred within the statutory limitation period.

Defendant made two arguments in response. First, defense counsel contended, "I have no time to prepare for this in any way, shape, or form. I have been focusing on 2005, 2006, 2007." Counsel acknowledged that the discovery information he had received included information material to the entire time that M had lived with defendant, not just to the 2005 through 2007 timeframe. Nonetheless, he asserted, "I tie myself in preparation and investigation to what's in the indictment because that's what I have to follow." Second, counsel asserted, without elaboration, that the date alleged in an indictment can be amended only to another date that is "somewhat close in time" to the date first alleged, and that the amendment sought by the prosecutor was not sufficiently close in time. He did not develop that argument further.

The trial court asked the prosecutor when the acts alleged in Count 1 had occurred. The prosecutor responded that M would testify that the conduct "happened continuously" throughout the time he lived with defendant and would not be able to identify a particular date. The court

---

[3] ORS 131.125 is the statute of limitations for criminal actions. ORS 131.125(2) provides that, in a prosecution for first-degree sodomy, if the victim was under age 18 at the time of the offense, the action must be commenced "before the victim attains 30 years of age or within 12 years after the offense is reported to a law enforcement agency or the Department of Human Services, whichever occurs first[.]"

expressed concern about the jurors possibly convicting defendant without concurring on the particular act underlying each conviction. The prosecutor told the court that a photograph of M would be introduced into evidence and that M would testify that the day that the photograph was taken was one of the times that the conduct alleged in Counts 1 and 2 occurred, though he did not know when the picture was taken or how old he was at the time. The prosecutor asserted that the state did not need to establish the specific date of the offense, because there were no concerns about whether the prosecution had been commenced within the statute of limitations period. He went on to argue that time was not a material element of the sodomy charges, so the dates could be altered without resubmitting the indictment to the grand jury.

Defendant reiterated several times that the amendment would prejudice his ability to prepare his defense. The prosecutor asserted that defendant would not be prejudiced, because "the discovery in this case has shown the whole time that this conduct occurred throughout the time" the victim lived with defendant.

The trial court granted the state's motion, ruling that time is not an essential element of sodomy. The court explained, "The State basically is removing what they consider to be surplus language from the indictment. That by itself would not alter the essential nature of the charge, and it doesn't add a theory or an element to either of those two counts."

Defendant did not move for a continuance, and the trial went forward as scheduled. As the prosecutor had anticipated, M testified that the acts alleged in Counts 1 and 2 had occurred numerous times while he lived with defendant and, specifically, that both acts had occurred on the day that the photograph of him was taken. At the conclusion of the evidentiary phase of the trial, the court instructed the jury that the state was required to prove that "each essential element of the crimes of Counts 1 and 2 did occur at or near the timeframe of said photograph." The jury found defendant guilty on both counts.

On appeal, defendant first assigns error to the trial court's grant of the state's motion to strike portions of the indictment. Defendant does not renew either of the positions he took at trial—either his argument that amending the indictment prejudiced his ability to prepare his defense or his undeveloped argument that the amended date has to be close in time to the date originally alleged. Instead, he argues that the state failed to demonstrate that the grand jury intended to indict him for the crimes for which he was ultimately tried and convicted. Defendant notes that the evidence at trial indicated that the photograph of M was taken around 2000 or 2001, and he argues that the amendment would have been proper only if the state had demonstrated that the grand jury had intended to indict him for *that* conduct, as opposed to conduct that occurred "on or about a date between 2005 and 2006," as the grand jury's indictment reflected. Defendant asserts that the state failed to make that showing. The state responds that defendant's argument on appeal is unpreserved.

We agree with the state. On appeal, defendant faults the state for not having "demonstrate[d] what evidence was presented to the grand jury" and, therefore, not having "demonstrate[d] that the grand jury intended to indict defendant for [the] conduct" that occurred around the time that the picture of M was taken. That is, defendant argues that the amendment circumvented the "jurisdictional function" served by the indictment, *i.e.*, the requirement "that the indictment is the product of a grand jury and ensures that the defendant is tried only for an offense that is based on facts found by the grand jury indicting him." *State v. Williams*, 237 Or App 377, 382, 240 P3d 731 (2010), *rev den*, 350 Or 131 (2011) (quoting *State v. Paetehr*, 169 Or App 157, 165, 7 P3d 708 (2000) and overruling *Paetehr* on other grounds). But defendant did not argue to the trial court that the state was required to show that the grand jury had intended to indict defendant for the same acts reflected by the state's proposed amendment. Instead, as discussed above, defendant's argument to the trial court focused on a different function that indictments also serve—the "notice function," which requires that the defendant be given sufficient notice to enable preparation of a defense.

In short, defendant's theory has fundamentally shifted between trial and appeal. He did not present the trial court with the "jurisdictional function" argument he makes to us. As a result, the prosecutor had no reason to make the sort of demonstration about the nature of the grand-jury proceedings that defendant now contends was necessary. As the state notes on appeal, had defendant raised that issue below, the prosecutor might have been able to show, for example, that the same evidence that was presented at trial was also presented to the grand jury. Instead, neither the prosecutor nor the trial court was in a position to address the issue. Consequently, the first assignment of error is unpreserved and we do not address it further. *See Peiffer v. Hoyt*, 339 Or 649, 656-57, 125 P3d 734 (2005) (two main purposes of the preservation requirement are to allow the opposing party to present its position and to allow efficient judicial administration); *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an argument for appeal, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted").

We turn to defendant's third assignment of error, in which he challenges the trial court's denial of his motion to compel discovery of the recordings of his telephone calls and related records made while he was in DOC custody. A prosecutor's discovery obligations are governed by ORS 135.815, which provides, in pertinent part:

> "(1)  Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to a represented defendant the following material and information within the possession or control of the district attorney:
>
> "* * * * *
>
> "(b)  Any written or recorded statements or memoranda of any oral statements made by the defendant, or made by a codefendant if the trial is to be a joint one."

Defendant argues that, in this case, the prosecutor had "possession or control" of the materials in question. In support of

that assertion, he relies on *State v. Warren*, 304 Or 428, 746 P2d 711 (1987).

In that case, the defendant sought discovery of Children's Services Division (CSD) files containing memoranda of statements of the state's prospective witnesses. The defendant cited ORS 135.815(1)(a), which requires the district attorney to disclose the names of any person he or she intends to call as witnesses, "together with their relevant written or recorded statements or memoranda of any oral statements of such persons." The state opposed the motion, asserting that the files in question were confidential under *former* ORS 418.770 (1985), *repealed by* Or Laws 1993, ch 546, § 141. The trial court denied the motion. On review, the Supreme Court observed that the "confidentiality of CSD files is not absolute" and, indeed, that CSD was required to disclose information from its files to "'[a]ny law enforcement agency *** for the purpose of subsequent investigation of child abuse.'" *Warren*, 304 Or at 432 (brackets and omission in *Warren*) (quoting *former* ORS 418.770(1)(a)). The court held that the files were within the prosecutor's control and that the defendant was entitled to discovery:

> "It is significant that one purpose to be served by disclosure is to assist criminal investigations. The police have access to information in CSD files to investigate charges of child abuse. In a prosecution, the prosecutor is responsible for evidence in the possession of the police. *** And, of course, information that the prosecutor may obtain directly is within the prosecutor's 'control' as well, even if it was not in the prosecutor's physical possession."

*Id.* at 433. In a footnote, the court cited with approval *State ex rel Wilson v. Thomas*, 74 Or App 137, 141, 700 P2d 1045, *rev den*, 300 Or 64 (1985), in which this court held that, with regard to criminal investigation, "[t]he police are an arm of the prosecution for the purposes of the discovery statute." *Warren*, 304 Or at 433 n 5.

In this case, defendant asserts that, because DOC recordings of inmate phone conversations can form the basis of criminal prosecutions, DOC is an "arm of the prosecution" and, therefore, the prosecutor would have been able to "obtain directly" the materials that defendant sought.

Defendant cites ORS 165.540, which permits DOC to record inmate conversations, and ORS 41.910(2), which makes those recordings admissible in evidence in some circumstances. In defendant's view, because DOC is "instrumental in recording some conversations that form the basis for criminal prosecutions, it should be considered an 'arm of the prosecution' for purposes of the discovery statutes."

The state responds that, although DOC may uncover evidence of a crime and turn it over to prosecuting authorities, the agency is not an arm of the prosecution, because the prosecutor has no authority over DOC in the matter.

Defendant's position reduces to an assertion that, if a public agency is authorized to gather information, and if that information may be used in a prosecution, that agency is an arm of the prosecution and, therefore, the information is within the control of the district attorney and must be disclosed to a defendant through the discovery process. We disagree. DOC's role in this case is not analogous to CSD's role in *Warren*. Under the statutes in effect when that case was decided, CSD had an affirmative legal obligation to investigate child abuse and to disclose information in its files to law enforcement agencies for additional investigation. *See former* ORS 418.760(1) (1985), *repealed by* Or Laws 1993, ch 546, § 141 (upon receiving a report of child abuse, CSD "shall immediately cause an investigation to be made to determine the nature and cause of the abuse"); *former* ORS 418.770(1) (1985), (CSD "shall make records available to * * * [a]ny law enforcement agency * * * for the purpose of subsequent investigation of child abuse"); *former* OAR 412-01-145(2) (1985) (requiring CSD to "assist in the protection of a child who is believed to have been abused or neglected by providing information as needed to * * * [t]he district attorney"); *see also State v. Johns*, 44 Or App 421, 426, 606 P2d 640, *rev den*, 289 Or 1 (1980) ("Although the Children's Services Division is not generally part of the prosecution in cases involving child abuse, that agency serves an investigative function similar to a police agency. Children's Services Division is required to cause an investigation to be made of a child abuse complaint and to provide information regarding child abuse complaints to local law enforcement agencies."

(Citation omitted.)). *Warren* stands for the proposition that, if an entity is *required* to disclose records to the district attorney or to police, the prosecution has control over the records and, accordingly, must disclose to a defendant any of those records that fall within ORS 135.815. *Cf. State ex rel Glode v. Branford*, 149 Or App 562, 568-69, 945 P2d 1058 (1997), *rev den*, 326 Or 389 (1998) (holding that the Lincoln County District Attorney did not have control of records held by police agencies in other counties and therefore could not be compelled to provide discovery of those records).

Although DOC is authorized to record certain inmate communications, and those recordings are admissible as evidence in some circumstances, defendant does not call our attention to any statute or rule that requires DOC to investigate criminal activity or to assist law enforcement agencies by disclosing inmate communications to those agencies. Nor does defendant point to other circumstances suggesting that the prosecutor in this case actually had control over the DOC recordings, or that DOC was somehow acting as an "arm of the prosecution" in this case. Accordingly, we cannot conclude that those recordings were "within the possession or control of" the prosecutor under the circumstances present here. It follows that the prosecutor was not required to obtain the DOC recordings and disclose them to defendant. The trial court did not err in denying defendant's motion to compel discovery.

Affirmed.