Argued and submitted June 27, affirmed December 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRIS WAYNE COBB,
aka Christopher Wayne Cobb,
*Defendant-Appellant.*

Multnomah County Circuit Court
060130212; A133115

198 P3d 978

Ryan Scott argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Legal Services Division, Office of Public Defense Services. Chris W. Cobb filed the supplemental brief *pro se*.

Sally L. Avera, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Huckleberry, Senior Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals his conviction, after a jury trial, for two counts of robbery in the second degree, ORS 164.405(1)(a), on a theory of aiding and abetting. The jury's verdict was not unanimous, with the jury voting 11-1 to convict defendant. Defendant raises several assignments of error, contending that the trial court erred in failing (1) to grant his motion for a judgment of acquittal based on insufficiency of evidence or (2) to give a unanimous verdict instruction. He also assigns error to the trial court's imposition of 70-month concurrent sentences under ORS 137.700 (Measure 11), contending that a person convicted on a theory of aiding and abetting is not subject to a Measure 11 sentence. We affirm.

Defendant's first assignment of error pertains to the trial court's refusal to instruct the jury that its verdict must be unanimous. His second assignment of error pertains to the trial court's imposition of a judgment of conviction based on a nonunanimous verdict. In a consolidated argument, he contends that the "jury non-unanimity" provision of Article I, section 11, of the Oregon Constitution,[1] added in 1934, does not comport with the "separate vote" provision of Article XVII, section 1, of the Oregon Constitution,[2] as interpreted by the Supreme Court in *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998). Defendant's argument has already been considered and rejected by the Supreme Court. *State v. Osbourne*, 153 Or 484, 486, 57 P2d 1083 (1936) (upholding 1934 amendment against Article XVII, section 1, challenge). *See State v. Jones*, 223 Or App 611, 623 n 4, 196 P3d 97 (2008) (same).

Further, to the extent that defendant now invokes *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed

---

[1] Article I, section 11, provides, in part:

"[I]n the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by unanimous verdict, and not otherwise[.]"

[2] Article XVII, section 1, provides, in part:

"When two or more amendments shall be submitted in the manner aforesaid to the voters of this state at the same election, they shall be so submitted that each amendment shall be voted on separately."

2d 403 (2004), as overruling *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), *sub silentio*, we have previously rejected that contention. *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *modified on recons*, 220 Or App 380, 185 P3d 1129 (2008).

■　　　Next, defendant asserts that his conviction for robbery in the second degree, on a theory of aiding and abetting, did not authorize the trial court to impose a Measure 11 sentence. Defendant is incorrect. ORS 137.700 provides, in part:

> "(1)　* * * [W]hen a person is convicted of * * * one of the offenses listed in subsection (2)(a) of this section and the offense was committed on or after April 1, 1995, * * * the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section. * * *

> "(2)　The offenses to which subsection (1) of this section applies and the applicable mandatory minimum sentences are:

> "(a)　* * *

> "* * * * *

> "R.　Robbery in the second degree, as defined in ORS 164.405. . . . . 70 months."

Defendant contends that, because he was convicted of robbery in the second degree on a theory of aiding and abetting, he was not convicted of the offense "as defined in ORS 164.405."[3] Rather, he contends, he was convicted of robbery in the second degree as defined in ORS 161.155(2)(b), which imposes liability on a person who "aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime." Defendant contends that ORS 137.700 makes no express reference to ORS 161.155, and he asserts for that reason that a person convicted of second-degree

---

[3] ORS 164.405 provides, in part:

"(1) A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present."

robbery—a Measure 11 offense—on an aiding and abetting theory is not subject to a Measure 11 sentence.

■ The flaw in defendant's reasoning is that aiding and abetting is a theory of criminal liability, not a separate offense. *State v. Arnold*, 214 Or App 201, 212, 164 P3d 334 (2007). Although defendant is criminally liable under ORS 161.155, the offense for which he was convicted is second-degree robbery, a Measure 11 offense; the plain text of the statute shows that his sentence is governed by ORS 137.700 and is lawful. *See Arnold*, 214 Or App at 207 (ORS 137.700 sentence for second-degree robbery on aiding and abetting theory of liability "indisputably is a lawful sentence").

We reject defendant's remaining assignments of error and supplemental assignments of error without discussion.

Affirmed.