242 P.3d 692 (2010)
238 Or. App. 259
STATE of Oregon, Plaintiff-Respondent,
v.
Gary Jesse SANCHEZ, aka Ralph Edward Sanchez, Defendant-Appellant.
910733365; A138844.
Court of Appeals of Oregon.
Argued and Submitted July 22, 2010.
Decided October 27, 2010.
Bronson D. James, Chief Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.
Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before SCHUMAN, Presiding Judge, and WOLLHEIM, Judge, and ROSENBLUM, Judge.
*693 ROSENBLUM, J.
Defendant, who was convicted of first- and second-degree rape, successfully petitioned for post-conviction relief and, thereby, obtained a new sentencing trial. Following that trial, the court imposed upward departure sentences. Defendant now appeals, contending in his first assignment of error that the trial court erred in imposing upward departure sentences based on facts "not alleged in an indictment or other accusatory instrument, or otherwise formally pled in open court." In a second assignment of error, defendant contends that the trial court erred in instructing the jury that it could reach a nonunanimous verdict. We reject defendant's second assignment of error without discussion, see State v. Cobb, 224 Or.App. 594, 198 P.3d 978 (2008), rev. den., 346 Or. 364, 213 P.3d 578 (2009), and write only to address his first assignment of error. As to that assignment of error, we affirm the judgment of the trial court.
The few relevant facts are not in dispute and are procedural in nature. Prior to his resentencing in 2008, the state, in a letter, notified defendant of enhancement facts it intended to rely on to seek an upward departure sentence. Later, the state sent defendant an e-mail setting forth additional enhancement facts on which it intended to rely. The enhancement factors were not included in an indictment or other pleading, and neither the letter nor the e-mail was filed with the court.
Prior to trial, defendant filed motions requesting that the court "disallow the enhancement fact * * * allegation[s]" because they were not pleaded in an indictment. Defendant asserted that the enhancement facts constituted elements of the offenses at issue and that, pursuant to the Oregon Constitution, those facts were required to be alleged by a grand jury in an indictment. In addition, he urged that "no prosecution on [the enhancement facts could] proceed until the allegations * * * are filed with the Court." The trial court disagreed, denied the motions, and permitted the enhancement facts to be tried to the resentencing jury. After the jury returned a verdict finding that the state had proved a number of enhancement facts, the court entered a judgment imposing upward departure sentences, concluding that "[a]ny one of [the enhancement] factors alone would have resulted in an upward departure." (Boldface omitted.)
Defendant first contends that, pursuant to the requirements of the Oregon Constitution, the state was required to plead the enhancement facts in the indictment. See Gill v. Lampert, 205 Or.App. 90, 97, 132 P.3d 674 (2006) ("It remains an open question whether Oregon law requires that sentence enhancement factors be pleaded in the indictment."). The foundation for that argument is defendant's interpretation of two United States Supreme Court cases. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Court held that the Sixth Amendment to the United States Constitution requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Pursuant to that rule, the Court explained in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), enhancement facts required for the imposition of an upward departure sentence must be found by a jury beyond a reasonable doubt.
In order to ensure compliance with that constitutional jury trial requirement, the legislature enacted procedures to be followed when enhancement factsfacts "that [are] constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime"are at issue in a case. ORS 136.760(2); see State v. Roberts, 231 Or.App. 263, 270, 219 P.3d 41 (2009), rev. den., 347 Or. 608, 226 P.3d 43 (2010) ("What is now ORS 136.765 was the product of a work group that the Governor established in response to the United States Supreme Court's decision in Blakely * * *, which recognized a defendant's federal constitutional right to a jury trial on any facts that increase the defendant's sentence beyond a presumptive sentence under state sentencing guidelines."). Pursuant to ORS 136.765,

*694 "In order to rely on an enhancement fact to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by:
"(1) Pleading the enhancement fact in the accusatory instrument; or
"(2) Within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of the enhancement fact and the state's intention to rely on it."
Defendant argues that in light of the United States Supreme Court's decisions in Apprendi and Blakely, enhancement facts must be considered "elements" of an aggravated form of the underlying offense and, as such, pursuant to the Oregon Constitution they must be found by a grand jury and pleaded in an indictment. Because, here, the grand jury did not find the enhancement facts nor were they included in an indictment, defendant contends that "[t]he court erred when it empanelled the sentencing jury, and sentenced defendant to a durational departure sentence based upon [those] enhancement facts." In particular, it is defendant's view that ORS 136.765(2), which allows reliance on enhancement facts upon "written notice to the defendant," conflicts with the requirements of Article I, section 11, and Article VII (Amended), section 5, of the Oregon Constitution. The state disagrees, stating that the constitution does not require that the indictment include facts relating only to sentencing.[1] We agree with the state for the reasons discussed below.
Article I, section 11, of the Oregon Constitution provides, in relevant part:
"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof * * *."
In light of its recognition that that clause "guarantees to every person accused of a crime the right to `demand the nature and cause of the accusation against him[,]'" the Oregon Supreme Court has determined that "[i]t is not within the power of the legislature to declare [a pleading to constitute] an indictment [when it] does not set forth those elements of a criminal offense required by the constitution to be contained in an indictment." State v. Smith, 182 Or. 497, 501-02, 188 P.2d 998 (1948). In other words, an indictment must inform the accused of the charges against him or her; an indictment is sufficient if it "shall be so drawn that it can be understood therefrom that the act or omission charged as a crime is clearly and distinctly set forth, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Id. at 502, 188 P.2d 998.
In addition, Article VII (Amended), section 5(3), of the Oregon Constitution provides that "[e]xcept as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury." Article VII (Amended), section 5(6) further provides that "[t]he district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form." Under those provisions, the state may not make a substantive amendment to an indictment unless the grand jury makes the amendment. Defendant reads Article I, section 11, and Article VII (Amended), section 5, to collectively require that the type of enhancement facts at issue here be found by the grand jury and included in the indictment.
Initially, we observe that defendant overstates the holdings of Apprendi and Blakely when he contends that, pursuant to those cases, enhancement factors must be treated as elements of a crime for indictment purposes. Both cases concerned a defendant's right to jury trial pursuant to the Sixth Amendment to the United States Constitution and did not address what must be included *695 in an indictment. That the federal constitution requires a defendant to be afforded a jury trial with respect to enhancement facts does not transform those facts into elements of the offense for indictment purposes. See State v. Sawatzky, 339 Or. 689, 698, 125 P.3d 722 (2005) (Apprendi and Blakely do not alter the statutory definition of "offense" nor do they require, "as a matter of state criminal procedure, that enhancement factors be set out in the indictment").
Furthermore, the Oregon Supreme Court has considered and rejected the argument that sentencing factors that allow for the imposition of a harsher sentence constitute elements of an aggravated form of the underlying criminal offense. In State v. Wagner, 305 Or. 115, 752 P.2d 1136 (1988), vac'd on other grounds, 492 U.S. 914, 109 S.Ct. 3235, 106 L.Ed.2d 583 (1989), the defendant had been convicted of aggravated murder and received a death sentence. He contended that the indictment did not support the sentence because it did not allege all the facts the jury had to find in order to impose the death penaltyspecifically, it failed to allege that he acted with deliberation. The court noted that deliberation is not an element of aggravated murder and rejected defendant's contentions, stating:
"The offense with which this defendant is charged is aggravated murder as defined in ORS 163.095(2)(a)(E) * * *. The ultimate facts that make up that offense are clearly alleged in the indictment. To be guilty of aggravated murder one does not need to act `deliberately.' If one is guilty of aggravated murder but the jury does not unanimously find that the perpetrator acted deliberately, the guilty one is not sentenced to death but is yet guilty of aggravated murder. There is no requirement of pleading an indictment that requires the indictment to set forth possible penalties that the law may fix for guilt on a particular charge."
Id. at 172, 752 P.2d 1136 (emphasis added). Thus, the indictment in that case was sufficient to allow the jury to consider and impose the death penalty, notwithstanding that, for that penalty to be imposed, the jury was required to find that the defendant acted "deliberately" and the indictment did not include that allegation.
More recently, in State v. Johnson, 340 Or. 319, 351-52, 131 P.3d 173 (2006), which was decided after Apprendi and Blakely, the defendant, who had been convicted of aggravated murder and sentenced to death, argued that the indictment in his case was defective because it failed to allege all the facts that the jury was required to find in order for him to receive a death sentence. He asserted that "`capital aggravated murder' constitutes a different crime from `simple aggravated murder,' the distinction being that the former crime involves additional `elements' not relevant to the latter crime, viz., that (1) defendant acted deliberately; and (2) with the reasonable expectation that the death of the deceased would result." Id. at 352, 131 P.3d 173. Although that contention was at odds with Wagner, the defendant asserted that the court's holding in that case was inconsistent "with more recent federal and Oregon cases pertaining to the constitutional right to jury trial[.]" Id. The court, however, perceived "no conflict." Id. It noted that, under those cases, the jury must decide the "`deliberateness' and `reasonable expectation of death' questions * * * because, depending on how they are answered, they may increase the punishment for the underlying offense." Id. However, "nothing in those cases suggests" that those questions become elements of the offense such "that they must be set out in the indictment." Id. Thus, as in Wagner, the court rejected the defendant's challenge to the indictment.
We recently considered the holdings in those cases in determining whether, pursuant to the Oregon Constitution, "subcategory facts" must be found by the grand jury. We held that, because they related only to sentencing, subcategory facts need not be submitted to the grand jury, specifically stating that "[t]he Oregon Constitution does not require that a grand jury find facts that pertain only to sentencing." State v. Williams, 237 Or.App. 377, 383, 240 P.3d 731 (2010).[2] In *696 reaching that conclusion, we observed that "a fact that pertains only to sentencing is not a `matter that is essential to show that an offense has been committed * * *.'" Id. at 383-84, 240 P.3d 731 (quoting State v. Wimber, 315 Or. 103, 114, 843 P.2d 424 (1992)) (omission in original). We further noted that the Oregon Supreme Court had already clearly held "in Wagner, [and] reaffirmed in Johnson, [State v. Terry, 333 Or. 163, 37 P.3d 157 (2001), cert den, 536 U.S. 910, 122 S.Ct. 2368, 153 L.Ed.2d 189 (2002)], and [State v. Moen, 309 Or. 45, 786 P.2d 111 (1990)], that there is no requirement that facts that pertain only to sentencing be pleaded in the indictment[.]" Williams, 237 Or.App. at 384, 240 P.3d 731 (emphasis added).
Given the holdings in those cases, the Oregon Constitution does not require that enhancement factors be set forth in the indictment. The establishment of enhancement facts is pertinent only to sentencingmaking defendant eligible for a harsher sentence than could be imposed were those facts not present. They do not, however, relate to the determination of whether a defendant committed the underlying criminal offense. And because enhancement factors pertain only to sentencing, they need not be found by the grand jury or pleaded in the indictment under the Oregon Constitution.[3]
We turn next to defendant's assertion that ORS 136.765(2) impermissibly permits enhancement factors to be submitted to the jury where the notice of the state's intent to rely on those factors has never been filed in the court record.[4] Specifically, that subsection allows for the state to provide notice of its intent to rely on an enhancement fact by merely "providing written notice to the defendant of the enhancement fact and the state's intention to rely on it." Notably, it does not require that the notice be filed with the court. Defendant first makes a "jurisdictional" argumentthat the failure to file a pleading alleging those enhancement factors with the court deprives the court of jurisdiction over themwhich we reject without discussion. He also asserts that ORS 136.765(2) violates Article I, section 10, of the Oregon Constitution, which provides that "[n]o court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay * * *." However, he failed to raise that issue before the trial court and, therefore, we do not address it. See ORAP 5.45 (requiring preservation).
Finally, defendant contends that the Oregon and United States constitutions require judicial oversight over the prosecutor's decision to rely on enhancement facts. He contends that Article VII (Amended), section 5, requires that enhancement facts be formally presented to the court in a pleading and that "a grand jury system, or a magistrate review system, or some other check on prosecutorial [use of enhancement factors] is necessary to satisfy Fourteenth Amendment due process concerns." We are not persuaded by those assertions and, accordingly, we reject them.
In sum, we conclude that the trial court did not err in permitting the jury to consider the sentence enhancement facts in this case.
Affirmed.
NOTES
[1] As both parties note, the Oregon Supreme Court concluded in State v. Sawatzky, 339 Or. 689, 698, 125 P.3d 722 (2005), that the federal constitution does not require the state to allege aggravating or enhancing factors in the indictment, notwithstanding Blakely and Apprendi.
[2] We concluded in Williams that the addition of subcategory facts to an indictment is not a "substantive" amendment pursuant to Article VII (Amended), section 5.
[3] Our conclusion that the Oregon Constitution does not require that enhancement facts be set forth in the indictment is confirmed in light of the arguments that were before the court in Johnson. In that case, the defendant raised substantially similar arguments to those at issue here: that the facts that would make him eligible for the death penalty were "elements" pursuant to the United States Supreme Court's decisions in Apprendi and Blakely and that, pursuant to Article I, section 11, and Article VII (Amended), section 5, of the Oregon Constitution, they must be alleged in the indictment. Defendant's Brief at 177-90, State v. Johnson, 340 Or. 319, 131 P.3d 173 (2006) (No S48826); see also State's Brief at 209-25, State v. Johnson, 340 Or. 319, 131 P.3d 173 (2006) (No S48826). The Supreme Court rejected the defendant's assertions, and, as noted, held that, although those facts increased the punishment for which the defendant was eligible and, therefore, had to be tried to a jury, the state was not required to set them out in the indictment. Id. at 352, 131 P.3d 173.
[4] Defendant does not contend that the state's notice failed to comply with the requirements of the statute.