Argued and submitted July 29, affirmed November 10, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TERRY EVANS,
*Defendant-Appellant.*

Multnomah County Circuit Court
040130124; A140381

242 P3d 738

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment of conviction for first-degree burglary, third-degree robbery, and two counts of first-degree theft, following a remand for resentencing. *See State v. Evans*, 216 Or App 171, 171 P3d 403 (2007). In his first and second assignments of error, defendant contends that the trial court did not have jurisdiction to consider certain enhancement factors in imposing an upward departure sentence on the burglary conviction because those factors were not (1) filed with the court, in violation of ORS 131.005(9), *or* (2) alleged in the indictment, as required by Article I, section 11, and Article VII (Amended), section 5, of the Oregon Constitution. In a third assignment of error, defendant contends that the trial court erred in instructing the jury that it could render a nonunanimous jury verdict. We reject defendant's third assignment of error without discussion. *State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009). We write to address defendant's first and second assignments of error, which, as we explain below, fail under the reasoning in *State v. Sanchez*, 238 Or App 259, 263-67, 242 P3d 692 (2010). Accordingly, we affirm.

The relevant facts are procedural in nature, undisputed, and few. Before defendant's resentencing trial on remand, the state notified defendant of its intent to rely on certain enhancement facts in seeking an upward departure sentence, as required by ORS 136.790.[1] The state did not file that notice with the court. Defendant filed a "motion to disallow aggravating factors based on a violation of ORS 131.005," in which defendant argued that the state's notice was essentially "a written accusation," as defined in ORS

---

[1] ORS 136.790 provides:

"In order to rely on an enhancement fact, as defined in ORS 136.760, to increase the sentence that may be imposed upon remand of a case described in section 21(3), chapter 463, Oregon Laws 2005, the state, within a reasonable time before resentencing, shall notify the defendant of its intention to rely on the enhancement fact by providing written notice to the defendant of the enhancement fact and the state's intention to rely on it."

An "enhancement fact," as defined in ORS 136.760(2), is "a fact that is constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime."

131.005(9), which must be filed with the trial court in order for the court to have jurisdiction. Because the state did not file such a "written accusation" with the court, defendant argued, the trial court did not have jurisdiction to consider the enhancement factors alleged in the notice. Defendant filed a separate motion in which he argued that the enhancement factors must be alleged in the indictment under Article I, section 11, and Article VII (Amended), section 5. The trial court rejected both motions and, after the jury trial on the enhancement factors, imposed an upward departure sentence on the burglary conviction.

On appeal, defendant assigns error to the trial court's rejection of both motions, but makes one, combined argument with respect to those assignments of error. Specifically, defendant asserts:

> "ORS 131.005(9)(c) provides in part that a ' "District attorney's" information means a written accusation by a district attorney * * * filed in circuit court to charge a person with the commission of an offense, serves as a basis for prosecution thereof.' Because a sentencing enhancement factor is essentially an element of a new 'aggravated' offense, the notice of enhancement factors must be filed in the circuit court in order for the court to have jurisdiction over the 'aggravated' offense.
>
> "* * * * *
>
> "If the state fails to file sentencing enhancement factors in the circuit court as otherwise required by ORS 131.005(9)(c), in the alternative it may take those factors to a Grand Jury as required by Article VII (Amended), section 5, and[ ] Article 1, section 11[,] of the Oregon Constitution. Here the state failed to file its notice of enhancement factors, nor did it present those factors to a grand jury. Accordingly, the circuit court did not have jurisdiction to consider those factors in sentencing defendant."

In other words, defendant contends that, because the state failed to file the notice of the enhancement factors with the trial court *or*, alternatively, include those factors in the indictment, the trial court "did not have jurisdiction to consider those factors in sentencing defendant."

The underlying premise of defendant's contentions with respect to his first and second assignments of error is that enhancement factors must be treated as "elements" of a crime in light of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). *See State v. Upton*, 339 Or 673, 681, 125 P3d 713 (2005) ("*Apprendi* and *Blakely* establish that under the Sixth Amendment each aggravating or enhancing factor encompassed with the sentencing guideline statute is essentially a new element of an aggravated form of the underlying offense."). In particular, defendant states:

> "*Blakely* prohibits the court from increasing the duration of a sentence on facts found solely by the court, because those findings result in a defendant being found guilty of what is, essentially, a new 'aggravated' crime. * * * Because the enhancement factors charge what is essentially a new 'aggravated' crime, those factors must either be filed in the circuit court * * * or presented to a Grand Jury * * *."

As we understand defendant's argument, because enhancement factors are essentially elements of a crime for purposes of the Oregon Constitution, the same jurisdictional rules that govern a trial court's power to consider the charged offense apply to its consideration of enhancement factors at sentencing.

We recently considered a similar argument to the one defendant makes here in *Sanchez*. 238 Or App at 262. In *Sanchez*, the defendant argued that, "in light of the United States Supreme Court's decisions in *Apprendi* and *Blakely*, enhancement facts must be considered 'elements' of an aggravated form of the underlying offense and, as such, pursuant to the Oregon Constitution they must be found by a grand jury and pleaded in an indictment." *Id.* at 263. In rejecting that argument, we reasoned that

> "[t]he establishment of enhancement facts is pertinent only to sentencing—making defendant eligible for a harsher sentence than could be imposed were those facts not present. They do not, however, relate to the determination of whether a defendant committed the underlying criminal offense."

*Id.* at 267. Consistently with that determination, we held that, because "enhancement factors pertain only to sentencing, they need not be found by the grand jury or pleaded in the indictment under the Oregon Constitution." *Id.*

Although, in *Sanchez*, we did not focus on the jurisdictional contentions raised by defendant here, we clearly rejected the premise underlying defendant's first and second assignments of error. Put succinctly, because the Oregon Constitution does not require that enhancement factors be treated as "elements" of the underlying criminal offense, *Sanchez*, 238 Or App at 267, the jurisdictional problem, as framed by defendant, simply does not exist.

Affirmed.