Submitted April 29, affirmed November 10, 2010

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DAVID LAWRENCE BACON,**
*Defendant-Appellant.*

Multnomah County Circuit Court
070230948, 070632793;
A136942 (Control), A136943

242 P3d 734

Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of multiple counts of unlawful delivery of heroin, ORS 475.850, unlawful possession of heroin, ORS 475.854, unlawful delivery of cocaine, ORS 475.880, unlawful possession of cocaine, ORS 475.884, and criminal possession of a forged instrument in the second degree, ORS 165.017, and one count of identity theft, ORS 165.800.

In his first assignment of error, defendant contends that the trial court erred in denying his motion to sever for separate trials the charges arising from two separate incidents. In his second assignment, defendant contends that the court erred in denying his motion for judgment of acquittal based on insufficient evidence to prove identity theft. In his third assignment, he contends that the court erred in imposing upward departure sentences based on factors not alleged in the indictments. In his fourth and fifth assignments, defendant basically contends that the court erred by failing to instruct the jury that all of the jurors must agree on the verdict. We write to address only the third assignment of error and reject all other assignments without discussion.

The thrust of defendant's argument concerning facts that enhance a sentence is that the Oregon Constitution requires the state to plead those facts in an indictment. However, contrary to defendant's contentions, Article I, section 11, and Article VII (Amended), section 5, of the Oregon Constitution do not impose that requirement. *State v. Sanchez*, 238 Or App 259, 267, 242 P3d 692 (2010). For the reasons set out in *Sanchez*, we reject defendant's third assignment of error.

Affirmed.