242 P.3d 734 (2010)
238 Or. App. 573
STATE of Oregon, Plaintiff-Respondent,
v.
Michael Earl COLE, Defendant-Appellant.
C071137CR; A136632.
Court of Appeals of Oregon.
Submitted July 29, 2010.
Decided November 10, 2010.
Peter Gartlan, Chief Defender, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.
*735 Before HASELTON, Presiding Judge, and BREWER, Chief Judge, and ARMSTRONG, Judge.
PER CURIAM.
Defendant, who was convicted of first-degree theft following a jury trial, appeals and raises three assignments of error. In his first assignment of error, defendant contends that the trial court erred in imposing an upward departure sentence based on factors not alleged in the indictment. In his second assignment of error, defendant contends that the trial court erred in refusing to instruct the jury that it must find that defendant had a culpable mental state with respect to the value of the stolen property. In his third assignment of error, defendant argues that the trial court erred in failing to give a unanimous jury instruction.
As defendant acknowledges, this court has previously rejected the arguments he raises in his second and third assignments of error in State v. Jones, 223 Or.App. 611, 619, 196 P.3d 97 (2008), rev. den., 345 Or. 618, 201 P.3d 909 (2009) (holding that the first-degree theft statute does not require a thief to know the value of the stolen property), and, in addition to other cases, State v. Cobb, 224 Or.App. 594, 596-97, 198 P.3d 978 (2008), rev. den., 346 Or. 364, 213 P.3d 578 (2009) (holding that the trial court did not err in giving a nonunanimous jury instruction). Accordingly, we reject those assignments without further discussion. We also reject defendant's first assignment of error for the reasons explained in State v. Sanchez, 238 Or.App. 259, 259, 242 P.3d 692 (2010) (holding that Article I, section 11, and Article VII (Amended), section 5, of the Oregon Constitution do not require that enhancement facts be alleged in the indictment).
Affirmed.