Argued and submitted July 29, affirmed December 1, 2010, petition for review denied March 25, 2011 (350 Or 130)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHRISTOPHER L. GUYETTE,
aka Christopher Lee Guyette,
*Defendant-Appellant.*

Multnomah County Circuit Court
070632941; A139806

243 P3d 1216

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Michael R. Washington, Sr., Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting him of a number of crimes. In his sole assignment of error, defendant contends that the trial court erred in imposing an upward departure sentence on his conviction for second-degree kidnapping. Pursuant to ORS 136.765, the state provided notice of its intent to rely on enhancement facts to increase defendant's sentence.[1] However, defendant asserts that the "trial court lacked the authority to impose a departure sentence because the state did not file notice of intent to rely on enhancement facts at sentencing *with the court.*" (Boldface omitted; emphasis added.) In his view, "[b]y providing notice of intent to rely on enhancement facts at sentencing, the state is alleging aggravated versions of the offenses contained in the indictment" and, for that reason, "the court must receive some description of these new allegations in order to have authority to rule on them." We disagree.

As the state notes, ORS 136.765(2) does not, by its terms, require that the notice be filed with the trial court. Furthermore, defendant's arguments in support of his position that the notice must be filed with the trial court in order for the court to be able to impose an upward departure sentence are foreclosed by our decisions in *State v. Sanchez*, 238 Or App 259, 242 P3d 692 (2010), and *State v. Evans*, 238 Or App 523, 242 P3d 738 (2010). Accordingly, the trial court did not err in imposing an upward departure sentence.

Affirmed.

---

[1] ORS 136.765 provides:

"In order to rely on an enhancement fact to increase the sentence that may be imposed in a criminal proceeding, the state shall notify the defendant of its intention to rely on the enhancement fact by:

"(1) Pleading the enhancement fact in the accusatory instrument; or

"(2) Within a reasonable time after filing the accusatory instrument, providing written notice to the defendant of the enhancement fact and the state's intention to rely on it."