Argued and submitted January 6, convictions for attempted first-degree theft by receiving and third-degree theft reversed and remanded with instructions to enter a single conviction for attempted first-degree theft by receiving, and for resentencing; otherwise affirmed February 2, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELIZABETH LUCINDA LOGAN,
*Defendant-Appellant.*

Washington County Circuit Court
C070418CR, D074314M;
A137661 (Control), A137662

248 P3d 431

Laura Graser argued the cause and filed the brief for appellant.

Jennifer S. Lloyd, Senior Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

* Brewer, C. J., *vice* Edmonds, S. J.

PER CURIAM

## PER CURIAM

Defendant appeals from judgments convicting her of attempted first-degree theft by receiving, ORS 164.055, computer crime, ORS 164.377, and third-degree theft, ORS 164.043. In her first assignment of error, defendant contends that the trial court erred when it instructed the jury that it could reach a nonunanimous verdict. Although defendant did not preserve this assignment of error before the trial court, she asserts that this court should review it as plain error and contends that the United States Supreme Court's decision allowing nonunanimous verdicts, *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), has been implicitly overruled. We reject defendant's first assignment of error without discussion, *see State v. Sanchez*, 238 Or App 259, 261, 242 P3d 692 (2010) (rejecting without discussion a preserved argument that trial court erred in instructing the jury that it could reach a nonunanimous verdict), and write only to address her second assignment of error.

■■ In her second assignment of error, defendant contends that the trial court erred in entering separate convictions for attempted first-degree theft by receiving, third-degree theft, and computer crime. In her view, all three charges should have merged into a single conviction. The state, for its part, "concedes that the convictions for third-degree theft and attempted first-degree theft by receiving should merge into a single conviction." However, according to the state, because the computer crime charge requires proof of elements that the other charges do not, under ORS 161.067 that conviction does not merge. With respect to the theft convictions, we agree with and accept the state's concession that "third-degree theft should merge into attempted first-degree theft by receiving, for a single conviction of attempted first-degree theft by receiving." Furthermore, as to the computer crime conviction, we agree with the state that that crime "requires proof of an element that the others do not," ORS 161.067(1), that is, accessing, using, or attempting to use a computer for the purpose of committing theft. ORS 164.377(2)(c). Accordingly, pursuant to ORS 161.067(1), the trial court did not err in entering a separate conviction for computer crime.

Convictions for attempted first-degree theft by receiving and third-degree theft reversed and remanded with instructions to enter a single conviction for attempted first-degree theft by receiving, and for resentencing; otherwise affirmed.