**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON LEE HATHAWAY, | No. 13-35630 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00614-CL |
| v. | |
| E. COTE, Corrections Sgt.; JAY, Corrections Officer; DUMBROWSKI, Corrections Officer, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted November 5, 2015
Portland, Oregon

Before: KOZINSKI, BERZON, and WATFORD, Circuit Judges.

Jason Lee Hathaway appeals the district court's dismissal of his amended

complaint with prejudice and without leave to amend.  We affirm.

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  Hathaway alleged that officials at Snake River Correctional Institution violated his constitutional right to litigate without active interference.  To state this type of access-to-courts claim, an inmate must plausibly allege active interference and actual injury.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102-03 (9th Cir. 2011).  "Actual injury . . . is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"  *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 348 (1996)).  To satisfy the actual injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  *Lewis*, 518 U.S. at 353 (footnote omitted).

Hathaway cannot satisfy the actual injury requirement.  He alleged in his amended complaint that he intended to argue at his resentencing hearing that Ballot Measure 11 does not apply to convictions based on accomplice liability.  But at the hearing, Hathaway did so argue.  He told the trial court "Measure 11 does not apply to the conduct of an accomplice."  Appellant's Opening Brief at 4, *State v. Hathaway*, 252 Or. App. 580 (2012) (No. A146952), 2011 WL 8473399, at *4.

Without his legal papers, Hathaway was unable to cite specific law.  *Id.*  But that inability could have made no difference to the outcome.  The Oregon Court of

2

Appeals had already rejected, in precedent binding upon the trial court, the argument that Ballot Measure 11 does not apply to aiding and abetting convictions. *State v. Cobb*, 224 Or. App. 594, 597-98 (2008), *rev. denied*, 346 Or. 364 (2009). The Court of Appeals declined to revisit that precedent on at least three occasions. *State v. Burgess*, 240 Or. App. 641, 643 n.1 (2011); *State v. Davis*, 234 Or. App. 785 (2010) (affirming without opinion); *State v. Birdwell*, 232 Or. App. 660 (2009) (affirming without opinion). There was no case law to the contrary. Against this legal backdrop, the most Hathaway could have accomplished at the trial court was to preserve his Ballot Measure 11 argument for appeal. He did so, and subsequently asked the Oregon Court of Appeals to "reconsider its holding in *State v. Cobb* . . . that BM11 applies to accomplices." Appellant's Opening Brief at 5, *State v. Hathaway*, 252 Or. App. 580 (2012) (No. A146952), 2011 WL 8473399, at *5.

A § 1983 action must plausibly allege a link between the violation of a right and an injury suffered. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Where the adverse decision in the case underlying an access-to-courts claim would have necessarily occurred anyway, and no other adverse impact (such as difficulty preserving the claim for appeal) can be shown, no such link can

3

be established.  As the deprivation of Hathaway's legal papers did not cause his claim to be "lost, rejected, or impeded," *Lewis*, 518 U.S. at 353 n.4, Hathaway suffered no actual injury.  We therefore do not reach the question whether Hathaway's amended complaint plausibly alleged active interference.

2.  The district court did not abuse its discretion by denying Hathaway leave to amend.  Because no case law existed that would have permitted the trial court to rule in his favor, Hathaway's failure plausibly to allege actual injury could not be saved by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**AFFIRMED.**

4